## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**NELSON FELICIANO**, *et al.*,

      Plaintiffs,

      v.

**COMMONWEALTH OF PUERTO RICO**, *et al.*,

      Defendants.

Civil No. 15-1158 (BJM)

## OPINION AND ORDER

Nelson Feliciano and Legna Cortes ("plaintiffs"), personally and on behalf of their minor son, D.J.F.C., sued the Commonwealth of Puerto Rico Department of Education ("DOE"). Plaintiffs seek a total of $14,825.75 in attorneys' fees and costs incurred during the administrative proceedings pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1415(i)(3)(B). Docket Nos. 1, 24. The DOE opposed, and both parties moved for judgment. Docket Nos. 6, 20. The case is before me on consent of the parties. Docket No. 19.

For the reasons set forth below, the request for attorney's fees is **GRANTED IN PART.**

## BACKGROUND

Since August 2009, the DOE was allegedly aware of D.J.F.C.'s eligibility for a special education program. This need went without action until plaintiffs hired Michelle Silvestriz Alejandro ("Silvestriz Alejandro") as their lead attorney to litigate the case against the DOE. Upon the completion of the administrative proceedings, plaintiffs received a favorable ruling that required the DOE to pay for D.J.F.C.'s special private school, which provides personalized one-on-one services. The DOE accepts the

administrative ruling results, and that plaintiffs are entitled to attorney's fees under 20 U.S.C. § 1415(i)(3)(B). Yet, the DOE contends that the rate at which plaintiffs' attorney billed for her services is too high, and that some of the services billed were unwarranted.

## DISCUSSION

Plaintiffs seek attorney's fees and costs due to them as prevailing parties pursuant to IDEA. IDEA permits a district court, in its discretion, to award reasonable attorney's fees "to a prevailing party who is the parent of a child with a disability," subject to certain limitations. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The fees to be awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded." *Id.* § 1415(i)(3)(C).

### Attorney's Hourly Rate

IDEA requires the court to employ an hourly rate for the prevailing party's attorney's fees "based on the rates prevailing in the community." *Id.* In these kinds of cases, courts follow a standard adopted by the First Circuit called the lodestar approach, which allows the trial judge to determine the number of hours that reasonably were expended in the litigation. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 293 (1st Cir. 2001). Under this approach, the judge considers a number of factors:  (1) "time and labor required"; (2) "the novelty and difficulty of the legal issues"; (3) "the skill and experience of the attorney"; (4) "the customary fee"; (5) "the amount involved and the results obtained"; and (6) "awards in comparable cases." *Gonzalez v. P.R. Dep't of Educ.*, 1 F. Supp. 2d 111, 114 (D.P.R. 1998).

The DOE first argues that the rate charged for one of plaintiffs' attorneys, Silvestriz Alejandro, should be reduced because she does not possess sufficient experience in IDEA cases, and her overall experience in the field of special education cannot be corroborated. But, the court may consider an attorney's skill and experience when determining the rate

factored into the lodestar, and these considerations support the attorney's $150 rate. Plaintiffs presented evidence that Silvestriz Alejandro: (1) has thirteen years' experience as a civil attorney in Puerto Rico dealing with special education cases; (2) has five years of specialization in IDEA cases; (3) has filed over a dozen administrative complaints for IDEA cases; (4) attended an IDEA seminar; (5) has served as president of the Commission on Community Education for the Puerto Rico Bar; (6) has worked in the area of special education while being part of the DOE staff; and (7) has tried three special education cases before the Puerto Rico Court of Appeals. Docket No. 11 at 8 ¶¶ 29–30. Therefore, I find that attorney Silvestriz Alejandro is an experienced attorney in both IDEA and special education cases, and that her experience merits the $150 rate charged for this case.

The DOE also argues that this court should follow the decision in *Lydia Velez v. Socorro Lacot*, No. KLCE200700613, 2007 WL 4270696 (P.R. Cir. Oct. 16, 2007), which states that the prevailing rate in the community for an attorney with more than ten years' experience is $125 per hour. Courts in this district have rejected this ruling in part, because this rate was based on an outdated circular memorandum written in 1993. *Rodriguez v. Puerto Rico*, 764 F. Supp. 2d 338, 343 (D.P.R. 2011); *Cuadrado-Ramos, ex rel. Cuadrado v. Commonwealth of P.R.*, No. CIV09-1369 JAF, 2010 WL 1416016,*1 at *2 (D.P.R. Mar. 31, 2010). This court also rejects the DOE's reliance on *Lydia Velez*, it is not representative of the prevailing rates in the community required by IDEA. As plaintiffs highlight, the $150 rate is within the range of fees approved in other IDEA cases. *See Anytime Inc. v. Romero*, 344 F. Supp. 2d 345, 348 (D.P.R. 2004) (rate of $250 is suitable for senior attorneys and $150 is adequate for junior attorneys.); *Gonzalez*, 1 F. Supp. 2d at 115 (because IDEA cases require special skills, attorney's rates may be billed at $175.); *Mass. Dept. of Pub. Health v. Sch. Comm. of Tewksbury*, 841 F. Supp. 449, 458 (D. Mass. 1993) (reasonable rate for attorneys in IDEA cases is between $150 and $175).  The DOE also questions the hourly

rate of various tasks performed by Attorney Villarini-Boquero, but fails to make any argument as to why these fees should be reduced. Thus, attorney Villarini-Boquero's rate will not be reduced, and I find that Silvestriz Alejandro's rate is reasonable.

### Excessive, Redundant, & Vague Tasks.

A prevailing party seeking "the awards of fees should submit evidence supporting the hours worked and the rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The First Circuit has stated that the evidence in support of the motion for fees should be "detail[ed] contemporaneous time records." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984). And the failure to satisfy this burden may "merit [a] disallowal or at least [a] drastic reduction, of a fee award." *Id.*

In this case, the DOE argues that plaintiffs' attorneys' invoice entries pertaining to the review and drafting of documents and the planning for administrative hearings are excessive. The DOE argues that, based on attorney Silvestriz Alejandro's alleged experience in the field and IDEA litigation, the tasks performed would take a similar attorney less time to complete. The DOE also argues that meetings and telephones conferences between plaintiffs, their attorney, and the witnesses were unnecessary and redundant. I disagree with the DOE's argument, as plaintiffs' invoice entries are quite "detail[ed] contemporaneous time records." *Id.* I find that there is sufficient explanation in plaintiffs' invoice entries because there are summaries of each task performed, the specific time it took to complete each of them, and the date when they were performed. *See* Ex. C. Additionally, plaintiffs supported the summaries by describing the most important, time-intensive tasks. Therefore, the DOE's request to lower the attorneys' fees for these tasks by a flat rate of 35% is unwarranted.

Feliciano v. Commonwealth of Puerto Rico, Civil No. 15-1158 (BJM)                    5

### Clerical Tasks

Clerical or secretarial tasks "include, but are not limited to, 'document preparation, organization, distribution, and copying; . . . data collection; . . . scheduling and logistical planning; filing court documents; . . . and docket review and management." *Pagan-Melendez v. Puerto Rico*, No. CIV. 14-1495 SEC, 2015 WL 1968839, at *2 (D.P.R. May 1, 2015) (quoting *EEOC v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 353–54 (D. Mass. 2013) (collecting cases)). These "tasks may not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett v. Blanco*, 975 F.2d 934, 940 (1st Cir. 1992). The Supreme Court has stated that these types of tasks need not be disallowed if they are compensated at a lower rate than an attorney's hourly rate. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). The Court also ruled that the compensation amount for these type of tasks may be set at the prevailing market rates for paralegals, "secretaries, messengers . . . and others." *Id.* at 285.

The DOE argues that certain tasks performed by plaintiffs' attorneys were clerical or secretarial tasks. These tasks include phone calls to inform plaintiffs of complaint filing status, hearing cancellations, and administrative-hearing-date changes. These tasks are indeed clerical and thus should be compensated at a lower rate. *See Lipsett*, 975 F.2d at 940 (tasks such as filing and translating court documents could be either clerical or paralegal duties that should be charged at a rate 40% lower than attorney's fees). Thus, the fees charged for clerical tasks will be reduced by 40%.

### Additional Attorney's fees

Plaintiffs have filed a supplemental motion for additional attorney's fees incurred to respond to the DOE's motions and to obtain a judgement from this court. Docket No. 24. The DOE has not filed a response arguing against attorney Torres-Miranda's $150 rate or his 9.35 hours of work. Therefore, these fees will also be awarded.

Feliciano v. Commonwealth of Puerto Rico, Civil No. 15-1158 (BJM)                                    6

## CONCLUSION

For the foregoing reasons, the request for attorney's fees is **GRANTED IN PART**.
Plaintiffs initially sought a total of $12,825.25, and the following adjustments should be
made:

1.  A reduction for clerical tasks: **-$54** of the total hours billed by Michelle Silvestriz
    Alejandro to reflect the 40% reduction in rate from $150 to $90.

2. A deduction for Courier Services: **-$25** of the total hours billed by Michelle
   Silvestriz Alejandro, to which plaintiffs conceded. Docket No. 11. at 14 ¶ 55.

3. An addition for attorney's fees provided by Antonio Torres-Miranda: + **$1,402.50.**

After these relevant adjustment are made, the total award amount should be **$14,148.75.**
Final judgment to be entered.

> **IT IS SO ORDERED.**
> In San Juan, Puerto Rico, this 9th day of December, 2016.

> *S/ Bruce J. McGiverin*
> BRUCE J. McGIVERIN
> United States Magistrate Judge